IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE EDUARDO MENDOZA, | : | |
| | : | 1:10-cv-2367 |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| MARY SABOL, the York County | : | |
| Prison Warden, and THOMAS | : | |
| DECKER, ICE District Director, | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM**

**February 25, 2011**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc.9), filed on February 7, 2011, which recommends that the petition of Jorge Eduardo Mendoza ("Petitioner" or "Mendoza"), for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed as moot. No objections to the R&R have been filed by any party. For the reasons set forth below, the Court will adopt the R&R.

**I.    STANDARD OF REVIEW**

1

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. DISCUSSION

Within the instant petition, Mendoza challenges his detention by Immigration and Customs Enforcement ("ICE"), which began on November 8, 2010.[1]

---

[1] Magistrate Judge Smyser aptly notes that the correct respondent in a petition such as the one *sub judice* is the warden of the prison where the petitioner is held, i.e. the petitioner's custodian for purposes of the habeas action. Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). Thus, Mary Sabol, Warden of the York County Prison, is the appropriate respondent inasmuch as Mendoza is incarcerated there. Thomas Decker, ICE District Director, is not Petitioner's custodian and thus shall be dismissed as a respondent to this action.

Thereafter, on December 15, 2010, Mendoza was indicted in the United States District Court for the Middle District of Pennsylvania for illegal re-entry by a previously deported alien. This case is docketed as *United States v. Mendoza*, 1:10-cr-361. By Order dated December 21, 2010, Magistrate Judge Martin C. Carlson ordered the Petitioner detained pending trial. Mendoza's criminal trial is currently scheduled to commence March 7, 2011 before our colleague Judge Sylvia Rambo.

Magistrate Judge Smyser correctly notes that since the nature of Petitioner's claims is that his continued detention by ICE is not authorized by the Immigration and Nationality Act and/and violates his constitutional rights, these claims are mooted by Petitioner's current detention on criminal charges by the United States Marshals. In other words and more simply put, because Mendoza is no longer in ICE custody, his petition challenging his detention by ICE is now moot.

As we have already mentioned, neither Respondents nor the Petitioner have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety and the petition for writ of habeas corpus shall be dismissed as moot. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as

3

it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.